JOHN W. HAYS v. PENNSYLVANIA RAILROAD COMPANY.

1. On a motion for a new trial, the verdict cannot be sustained upon debatable propositions of law, for the first time started in the case.
2. The verdict in this case being plainly against the evidence on the point on which the cause was submitted to the jury, a new trial granted.

On motion for a new trial.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the motion, *E. T. Green.*

*Contra, T. D. Hoxsey.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. On the argument of this case before this court, there were several inquiries on matters of law started, which were deemed of moment and of some difficulty, and such inquiries have been pursued with care, to some extent, but, upon looking more closely into the proceedings, such investigation has been abandoned, from the persuasion that the points referred to should not be decided under present circumstances. The reason of this result is the fact that such legal matters were not presented for judicial action at the trial. On an application for a new trial, legal propositions which are fairly debatable, and which are then urged for the first time against the defeated party, cannot be passed upon, for, by taking such a course, the side whose views should be disallowed would be without remedy. · The rule is that each party, unless he loses the right by his own conduct, cannot have his interests affected by any judicial interpretation or application of legal principles which he cannot, if he so wills,. take for review before the court of last resort. Therefore, the fate of the present motion is altogether dependent, so far as the legalities of the case are concerned, on the legal rulings in connection with the evidence at the trial.

Regarding the case in that light, it is perfectly obvious, and upon the clearest grounds, that a new trial must be granted.

The case was this, and it was tried upon this principle: The plaintiff was a brakeman, in the employ of the defendant, and whilst climbing the side of a car, in the execution of his employment, a step gave way, and, falling partly upon the track, he lost his arm. It appeared that the defendant

had a corps of inspectors of cars, and that the car in question had been inspected. The judge charged the jury that, as the plaintiff was an employé of the defendant, by his contract he had assumed all the necessary risks of the carelessness of his co-employés, who "were operating under a similar employment;" and, in his own words, this was the instruction given: "In this case, the company must employ agents; they must act through agencies. It is impossible to carry on a business of such magnitude by the chief officers of the company. If, in the selection of these agencies, they act with prudence and care, selecting skilful and competent men, they are not liable for injuries resulting from the carelessness of those who are subordinates, and working together as co-employés. I shall not review the testimony in this matter. The jury will remember what has been said by the witnesses as to the time in which the inspectors have been in the employment of the company, and as to their general character for ability, for skilfulness and carefulness. These facts do not appear to be controverted in the case by any opposing testimony, and are only opposed by results. The testimony of the witnesses, as it stands, is that the chief inspector was an old employé of the company, in that line of business, and a trusted man; that the person who actually made the inspection, Mr. Frame, was also competent and skilful, having the trust and confidence of his superior and of the officers of the company. This is the evidence to show that the company did use care in the employment of proper agents for the transaction of their business." When the jury was instructed that "if they were satisfied that if the injury was caused by the failure of this company to appoint such agencies, through its appointing agents, and to appoint skilful and competent inspectors to examine the car when it came on their road," the question of contributory negligence, which had been set up by the defence, remained to be considered.

It is thus clear that the primary proposition, on which the case was submitted to the jury, was whether the defendant had discharged its duty to the plaintiff, in selecting competent

and skilful men to inspect these cars. Upon this subject, the evidence was, without exception, in favor of the defence. It was the sworn testimony, and there was no contradiction. As the car in question was out of order, and escaped the inspector's attention, it is possible to infer that such inspector was remiss in his vigilance, on this occasion, but such remissness was of no consequence in this suit, for such a neglect had no force to overthrow—as human nature is fallible—the proof which attested his general capability. The verdict, therefore, as it now stands, is against not only the weight, but the totality of the evidence. It is obviously the result of mistake, irrational prejudice, or folly. Upon the ground chosen at the trial, the plaintiff's case cannot stand. The judge might very properly have directed the jury to find for the defence, so far as respects the issue that was presented. If there are other legal propositions, as is now insisted, more favorable to a right of action, they should have been insisted on at the trial, so as to have become incorporated in the charge of the judge. As before has been said, they cannot be raised now.